**ATTACHMENT B**

**ITEMS TO BE SEIZED**

1. All records, documents, communications, information, property, and other materials described below that constitute evidence, fruits, or instrumentalities of the crimes of interstate or foreign travel or use of a facility of interstate or foreign commerce to distribute the proceeds of, promote, manage, establish, carry on, or facilitate an unlawful activity, in violation of 18 U.S.C. § 1952; and conducting, controlling, managing, supervising, directing, or owning an unlicensed money-transmitting business, in violation of 18 U.S.C. § 1960, if applicable (collectively, the "Target Offenses").

2. Unless otherwise specified, the records and information sought are limited to the period beginning January 1, 2020, and continuing through the date of execution of this warrant.

3. Evidence related to the ownership, operation, and control of the Target Businesses, to include:

   a. Records and evidence concerning the formation, ownership, beneficial ownership, financing, investment, management, operation, supervision, or control of the Target Businesses, including:

      i. articles of organization or incorporation, operating agreements, partnership agreements, assumed-name filings, licenses, permits, registrations, ownership records, meeting records, corporate resolutions, and records identifying

members, managers, officers, directors, partners, investors, or other persons exercising control;

ii. purchase agreements, leases, subleases, rental agreements, property-management records, utility records, insurance records, vendor records, repair records, tax records, and correspondence concerning premises occupied by the Target Businesses;

iii. records identifying persons responsible for opening, closing, staffing, advertising, financing, maintaining, supplying, supervising, or operating the Target Businesses;

iv. keys, access cards, alarm codes, security credentials, surveillance-system credentials, remote-access information, and other evidence identifying persons with access to or control over the Target Businesses;

v. records reflecting investments, loans, capital contributions, profit-sharing arrangements, payments, distributions, reimbursements, expenses, or other financial interests in the Target Businesses; and

vi. records reflecting the use of nominees, family members, employees, independent contractors, business entities, or other persons to conceal ownership, management, control, income, expenses, or operation of the Target Businesses.

b. Records concerning the daily operation of the Target Businesses, including business hours, work schedules, appointment records, customer records, service records, price information, payment records, point-of-sale and merchant-processing records, cash receipts, income-and-expense records, supply and vendor records, cleaning and maintenance records, and records showing who opened, closed, staffed, supervised, or managed the businesses.

c. Records identifying employees, workers, independent contractors, managers, drivers, advertisers, bookkeepers, accountants, landlords, vendors, or other persons associated with the Target Businesses, including their names, aliases, contact information, schedules, assigned locations, duties, compensation, payments, housing, transportation, immigration or employment documentation, and relationships with the Target Subjects.

d. Records reflecting recruitment, hiring, contracting, scheduling, transportation, movement, housing, supervision, discipline, compensation, indebtedness, coercion, exploitation, or control of workers connected to the Target Businesses, including:

    i. employment applications, contracts, purported independent contractor agreements, tax forms, identification documents, personnel records, schedules, rules, instructions, and disciplinary records;

ii. records reflecting representations made to workers concerning duties, compensation, working conditions, housing, transportation, debts, immigration status, ability to leave, or amounts required to be paid to owners, operators, managers, or others;

iii. records reflecting hours worked, customers seen, services provided, money received, amounts owed, fees or expenses deducted, debts imposed, fines assessed, or money retained by or paid to owners, operators, managers, advertisers, drivers, landlords, couriers, or others; and

iv. travel, lodging, housing, and transportation records for workers, including records identifying persons who arranged, paid for, directed, or accompanied such travel.

4. Evidence related to advertising, customers, and commercial sexual activity occurring at the Target Businesses, to include:

a. Records concerning the advertising or promotion of the Target Businesses or services offered there, including advertisements, photographs, videos, descriptions of workers or services, pricing information, customer reviews, website and domain records, online listings, social-media and advertising-platform accounts, access credentials, invoices, receipts, payment records, and communications

concerning the creation, placement, renewal, modification, or payment of advertisements.

b. Records concerning customers and appointments at the Target Businesses, including appointment books, customer lists, telephone numbers, electronic identifiers, communications, dates and times, assigned workers or rooms, requested or provided services, prices, payment methods, receipts, reviews, complaints, and records corroborating statements regarding events at the Target Businesses.

c. Records concerning the offer or provision of commercial sexual services at the Target Businesses, including communications, advertisements, notes, price lists, codes, signage, schedules, customer and appointment records, reviews, photographs, videos, or other records describing or referring to commercial sexual services; amounts charged or paid; division of payments; instructions to workers; and responses to law-enforcement or regulatory scrutiny.

d. Records and information identifying workers or other individuals recruited, transported, housed, employed, contracted, controlled, or otherwise involved in the Target Businesses, including copies of passports, visas, visa applications, immigration documents, driver's licenses, national-identification documents, employment documents, contracts, tax forms, travel documents, and contact information, to the extent such records constitute evidence of the Target Offenses.

e. Items used, maintained, or provided in connection with commercial sexual activity at a Target Businesses, including condoms and packaging, lubricants, lingerie, sexual devices, pornographic materials, towels, bedding, cleaning supplies, containers used to conceal such items, and other materials bearing evidence identifying persons who possessed or used them.

f. Cameras, digital-video recorders, monitors, surveillance systems, storage devices, remote-viewing devices, and related components containing recordings or information identifying customers, workers, owners, operators, managers, couriers, or others present at a Target Businesses, or recording transactions, commercial sexual activity, money collections, transportation, or other evidence of the Target Offenses.

g. Evidence workers resided, slept, or were housed at the Target Businesses, including luggage, clothing, bedding, food, medications, toiletries, personal correspondence, identification and travel documents, and other personal property, to the extent such evidence identifies workers or establishes their residence, presence, housing, movement, supervision, or control in connection with the Target Offenses.

5. Evidence of the proceeds, financial records, and assets of the Target Businesses, to include:

a. United States and foreign currency and other monetary instruments that constitute proceeds of specified unlawful activity, property involved in the Target Offenses, or evidence of the receipt, collection, transportation, transmission, transfer, conversion, concealment, distribution, or expenditure of such property, including checks, cashier's checks, money orders, traveler's checks, negotiable instruments, stored-value cards, gift cards, cryptocurrency hardware wallets, and similar instruments.

b. Containers, envelopes, bags, wrappers, bands, safes, lockboxes, hidden compartments, or other items used to store, package, organize, conceal, transport, or deliver currency or monetary instruments, together with labels or notations identifying their source, amount, intended recipient, or purpose.

c. Records concerning money generated by or connected to the Target Businesses, including records reflecting payments received from customers; amounts retained by workers; amounts collected by or paid, delivered, transferred, or owed to owners, operators, managers, landlords, advertisers, drivers, couriers, money transmitters, or others; and the counting, packaging, storage, transportation, deposit, conversion, concealment, transfer, transmission, distribution, or expenditure of proceeds.

d. Ledgers, journals, notebooks, calendars, appointment books, handwritten notes, code sheets, tally sheets, receipts, invoices, transaction logs, spreadsheets, accounting files, cash-receipt and cash-disbursement journals, general ledgers, income-and-expense summaries, financial statements, and other records reflecting the source, amount, ownership, location, control, destination, or movement of funds.

e. Banking and financial records relating to the Target Offenses, Target Subjects, or Target Businesses, including bank and credit-union records; brokerage, investment, retirement, credit-card, loan, and line-of-credit records; statements; canceled checks and check images; checkbooks; deposit and withdrawal records; ATM records; cashier's checks; certificates of deposit; wire-transfer and remittance records; peer-to-peer payment records; cryptocurrency records; account-opening records; signature cards; customer-identification records; authentication devices; and records identifying authorized signers, beneficiaries, or persons exercising control over an account.

f. Records concerning point-of-sale systems and merchant-processing accounts used by the Target Businesses, including Square, Block, EMS, EPX, or other processors; merchant applications and agreements; account identifiers; terminals and devices; transaction records; chargebacks; settlement reports; processing fees; linked bank

accounts; credits and deposits; access credentials; and records identifying the person who opened, owned, controlled, accessed, or benefited from each account.

g. Records concerning accounts or assets held in the names of nominees, family members, businesses, limited-liability companies, partnerships, or other entities, where such records evidence a Target Subject's ownership, beneficial interest, access, or control or the concealment or commingling of proceeds.

h. Evidence relating to safe-deposit boxes, safes, vaults, storage lockers, or other secured repositories used to store or conceal money, monetary instruments, records, or other evidence of the Target Offenses, including keys, access cards, rental agreements, applications, access logs, payment records, identifying numbers, correspondence, notes, and records identifying the institution, facility, box, renter, authorized user, or contents.

i. Records relating to assets purchased, leased, titled, maintained, transferred, shipped, exported, imported, registered, financed, or held using proceeds of the Target Offenses, or used to facilitate those offenses, including records concerning real property, vehicles, vessels, business interests, jewelry, precious metals, electronics, luxury goods, storage facilities, and other assets.

j. Federal, state, local, or foreign tax records and supporting documents, including personal and business returns, Forms 1040, 1040-X, W-2, W-4, 1099, and I-9, schedules, work papers, source documents, audit correspondence, and records reflecting reported or unreported income, expenses, assets, workers, businesses, or financial accounts relevant to the Target Offenses.

6. Evidence related to money couriers, money transmission, and distribution of proceeds, to include:

a. Records and evidence relating to cash couriers, money-transmission, remittance, or informal value-transfer activity connected to the Target Businesses, including records identifying senders, recipients, customers, couriers, intermediaries, brokers, agents, financial accounts, amounts, fees or commissions, dates, locations, destinations, methods of transfer, settlement records, codes, confirmations, and instructions.

b. Records reflecting payments to or communications with Chengxia Snelson or another courier, money transmitter, intermediary, recipient, or financial account, including checks, cash payments, electronic payments, reimbursements, compensation, commissions, pickup or delivery instructions, and records describing the source, purpose, destination, or intended disposition of the funds.

c. Records reflecting the direction, requirement, encouragement, or facilitation of workers' or managers' use of a courier, money transmitter, remittance service, nominee, financial account, or other person to collect, transport, convert, conceal, transmit, distribute, or dispose of proceeds.

7. Evidence related to travel, transportation, and interstate activity, to include:

a. Records reflecting travel, transportation, or use of a facility of interstate or foreign commerce in connection with the Target Offenses, including itineraries, tickets, boarding passes, reservations, lodging records, toll records, fuel receipts, parking records, rental-vehicle and rideshare records, maps, directions, navigation and location records, and records coordinating travel, pickups, deliveries, meetings, lodging, or transportation.

b. Vehicle registration, title, insurance, financing, maintenance, repair, shipment, export, import, and ownership records, and records reflecting the use of vehicles to transport workers, currency, monetary instruments, records, or other property associated with the Target Offenses.

8. Evidence related to the communications of, knowledge of, and participants in the conspiracy, to include:

a. Communications among the Target Subjects, owners, operators, managers, workers, potential workers, former workers, customers,

advertisers, landlords, drivers, couriers, money transmitters, financial institutions, or others concerning ownership, operation, staffing, advertising, commercial sexual activity, workers, customers, transportation, housing, finances, proceeds, or concealment of the Target Businesses.

b. Records reflecting knowledge of, intent concerning, participation in, or control over the Target Offenses, including knowledge of the source or nature of funds; instructions concerning handling or disposition of funds; methods used to conceal or disguise the source, ownership, control, location, nature, or destination of funds; false records, explanations, or cover stories; coded communications; efforts to evade licensing, registration, identification, taxation, financial-reporting, or recordkeeping requirements; and communications concerning law-enforcement scrutiny, surveillance, detection, investigation, or destruction or concealment of evidence.

c. Records identifying co-conspirators, associates, workers, customers, couriers, intermediaries, senders, recipients, brokers, owners, operators, managers, advertisers, drivers, landlords, accountants, nominees, or other participants, including address books, contact lists, telephone books, business cards, calendars, notes, photographs, correspondence, organizational records, names, aliases, addresses,

telephone numbers, electronic identifiers, roles, meetings, or relationships.

9. Evidence identifying persons who own, lease, occupy, reside at, access, use, or exercise dominion and control over the Target Businesses, Target Residences, Target Safe Deposit Boxes, Target Vehicles, or any area, container, vehicle, electronic device, account, document, or property located therein, including identification documents, photographs, mail, packages, prescriptions, utility and telephone records, leases, deeds, mortgage and insurance records, tax records, keys, access cards, vehicle records, and other records identifying occupants, owners, tenants, authorized users, account holders, beneficiaries, or persons responsible for expenses associated with the Target Location.

10. Evidence of the use of electronic devices, evidence to be found on electronic devices, and evidence in electronically stored information, to include:

a. Computers, cellular telephones, tablets, digital-storage devices, removable media, cameras, video cameras, printers, scanners, electronic organizers, networking equipment, routers, modems, hardware wallets, and other electronic devices or storage media that contain or reasonably could contain evidence described in this Attachment, together with associated power supplies, cables, chargers, adapters, peripherals, authentication devices, software, and documentation necessary to access, interpret, or examine such evidence.

b. Electronically stored information constituting evidence described in this Attachment, including communications; contacts; call logs; voicemail; notes; calendars; photographs; videos; audio recordings; documents; spreadsheets; databases; transaction records; financial, merchant-processing, money-transfer, remittance, payment, digital-wallet, cryptocurrency, travel, navigation, rideshare, advertising, social-media, website, and business-account information; location and route histories; internet searches and browsing history; and deleted, hidden, encrypted, password-protected, or remotely stored information.

c. For any electronic device or storage medium whose seizure or search is otherwise authorized by this warrant, evidence necessary to access, attribute, authenticate, interpret, or place into chronological or geographic context the evidence described in this Attachment, including:

i. operating-system, application, access, security, network, firewall, and event logs;

ii. device names, serial numbers, hardware identifiers, telephone numbers, subscriber information, account information, user profiles, saved usernames, authentication tokens, and information identifying the owner or user;

iii. file metadata, creation and modification dates, deletion information, access history, and information identifying the device, account, application, or user that created, accessed, modified, transmitted, received, stored, or deleted a file or communication;

iv. evidence showing when, where, how, and by whom the device was accessed or used, including Internet Protocol addresses, wireless networks, cellular-network information, paired devices, saved locations, and network-connection histories;

v. evidence of connected, paired, synchronized, backed-up, remotely accessed, or previously attached devices, accounts, networks, or storage media;

vi. passwords, passcodes, encryption keys, recovery codes, authentication devices, password-manager records, and other access information found at the Target Location or stored on a device lawfully searched pursuant to this warrant;

vii. records identifying cloud-storage, email, internet-service-provider, communications, financial, social-media, advertising, and other online accounts used with or accessed through the device;

viii. evidence of wiping, deletion, encryption, concealment, remote-access, counter-forensic, data-cleaning, or evidence-destruction activity;

ix. evidence of malware, spyware, viruses, remote-access software, or other software capable of permitting another person to access or control the device, to the extent relevant to attribution; and

x. contextual information reasonably necessary to understand, authenticate, or interpret the evidence or identify the person who created, accessed, possessed, transmitted, received, modified, stored, concealed, or deleted it.

11. As used in this Attachment, "records" and "information" include records and information in any form, whether written, printed, typed, photographed, recorded, or stored electronically, magnetically, optically, mechanically, or through another data-storage process.

12. "Computer" includes any electronic, magnetic, optical, electrochemical, or other device capable of processing, transmitting, receiving, or storing data, including desktop and laptop computers, cellular telephones, tablets, servers, wearable devices, electronic organizers, and network equipment.

13. "Storage medium" includes any physical object or component upon which electronic data may be recorded or stored, including internal and external hard drives,

solid-state drives, flash memory, memory cards, optical media, and removable storage devices.

14. This warrant authorizes review of electronic storage media and electronically stored information seized or copied pursuant to this warrant to locate the evidence, fruits, and instrumentalities described in this Attachment. The review may be conducted by government personnel assisting in the investigation, including law-enforcement officers, attorneys for the government, litigation-support personnel, translators, and technical experts, subject to applicable law and any procedures required by the Court.

15. The government may copy electronically stored information for review and may maintain such copies as reasonably necessary to complete the authorized review, preserve evidence, comply with discovery obligations, and conduct further proceedings, subject to applicable law and any orders of the Court.

16. During the execution of the search of the locations described in Attachment A, law enforcement personnel are also specifically authorized to compel the possessors of phones to provide biometric unlock access. Biometric unlock access includes: pressing fingers and thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition. The devices to which biometric unlock access may be applied are limited to: (1) any of the devices found at the Target Businesses, Target Residences, Target Vehicles, or Target Safe Deposit Boxes; and (2) devices which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the Target Offenses as described in the search warrant

affidavit and warrant attachments, for the purpose of attempting to unlock the devices' security features in order to search the contents as authorized by this warrant.

17. This warrant does not authorize law enforcement personnel to compel any other individuals found at the Target Businesses, Target Residences, Target Vehicles, or Target Safe Deposit Boxes to provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any device. Further, this warrant does not authorize law enforcement personnel to request that individuals present at the Target Businesses, Target Residences, Target Vehicles, or Target Safe Deposit Boxes state or otherwise provide the password or any other means that may be used to unlock or access the devices, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the devices.